IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN DEWON COHNS PLAINTIFF

v. Civil No. 4:25-cv-04072-SOH-SGS

JAIL ADMINISTRATOR RAMI COX,
Lafayette County Detention Center; and
SHERIFF JEFF BLACK, Lafayette County
Detention Center DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the orders of the Court.

## I. DISCUSSION

On June 5, 2026, the Defendants in this case filed a Motion for Summary Judgment (ECF No. 28). The Court entered an Order directing Plaintiff to file a response to this Motion by June 26, 2026. *See* ECF No. 31. A few days before that deadline arrived, Plaintiff filed a Motion (ECF No. 32) requesting an extension of that deadline, which the Court granted, giving Plaintiff a deadline of July 10, 2026, by which to file his summary judgment response. *See* ECF No. 33. However, Plaintiff never filed any such response, so the Court eventually entered another Order directing him to show cause why he failed to obey the previous Order, imposing a deadline of September 3, 2026, by which to do so, and warning that if he missed this deadline then "this case shall be subject to dismissal." *See* ECF No. 34. Plaintiff never responded to this Order either. None of the mailings of the aforementioned orders to Plaintiff have been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, to prosecute or defend the action diligently, and to promptly notify the Clerk and the other parties to the proceedings of any change in their address. Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

The only remaining question is whether the dismissal should be with or without prejudice. A dismissal under Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id.* (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent . . . the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded

docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.* "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

The Court's Orders were not returned as undeliverable, suggesting that Plaintiff received these orders but simply decided not to comply with them. Furthermore, the Court recognizes that Defendants have expended significant resources conducting discovery and preparing their Motion for Summary Judgment. On this record, therefore, the undersigned finds that Plaintiff's failure to comply with court orders was intentional, as opposed to accidental or involuntary, and that his failure to respond to multiple court orders, combined with the resources expended by the Defendant (and by this Court), warrant this case being dismissed with prejudice.

## II. CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of September 2026**.

/s/ Spencer G. Singleton

HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE